IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DALLAS NESBITT, individually )
and as next friend of A.N., a )
minor; and BRIANNA CORDOVA, )
individually and as next )
friend of A.N., a minor; )
)
    Plaintiffs, )
)
v. ) CASE NO. CV416-009
)
BRITTANY BACOT, )
)
    Defendant. )
)

## O R D E R

Before the Court are Defendant Brittany Bacot's Motion for Special Verdict Form (Doc. 36) and Motion in Limine (Doc. 37). Plaintiffs have responded to both motions. (Doc. 43; Doc. 44.) In this case, Plaintiffs allege Defendant's negligence contributed to the injuries suffered by A.N. as the result of a multivehicle automobile accident. (Doc. 1.) Defendant Bacot remains the sole defendant in this case after all others were dismissed by stipulation.

After careful consideration, Defendant's Motion for Special Verdict Form (Doc. 36) is **DISMISSED AS MOOT**. The parties have submitted verdict forms in their Proposed Consolidated Pretrial Order. (Doc. 61.) The Court will

adhere to its usual practice: deciding on an appropriate draft verdict form after consulting with the parties in a pretrial conference. Both parties will have an opportunity to offer argument as to the verdict form at that time.

In her Motion in Limine, Defendant seeks to exclude eight categories of potential evidence and testimony:

(1) Liability insurance of Defendant;
(2) Plaintiffs' anxiety, agony, concern, or worry concerning medical expenses;
(3) Conversations between Plaintiffs and any treating physicians or medical care providers;
(4) Objections of counsel made during depositions;
(5) Potential jurors knowledge or affiliation with insurance companies;
(6) Settlements entered into between any Defendants' liability insurer and Plaintiffs;
(7) Lay witness testimony concerning causation or liability; and
(8) Arguments or inferences that the jury should send a message to the insurance industry.

Plaintiffs have no objections to Defendant's first, fifth, sixth, and eighth requests. (Doc. 44.) Accordingly, those portions of Defendant's motion are **GRANTED**.

In her second request, Defendant seeks to exclude all evidence or testimony regarding

> any anxiety, agony, concern or worry over the payment of medical bills, any reference to having to pay for medical bills, having to face medical bills, paying for medical bills, medical or other bills or expenses falling on the plaintiffs, or burdening the plaintiffs, inability to afford or pay medical bills or any similar reference or testimony.

(Doc. 37 at 2-3.) According to Defendant, such evidence would be immaterial. (Id. at 3.) In their response, Plaintiffs contend that they should be able to testify as to any inability to afford additional medical care if Defendant elicits testimony regarding Plaintiffs' failure to obtain such care. (Doc. 44 at 3.)

In light of Defendant's broad request and Plaintiffs' narrow response, the Court is currently unable to conclude that this evidence would be inadmissible. It appears that Plaintiffs only intend to offer testimony regarding an inability to afford medical care should Defendant suggest that Plaintiffs failed to mitigate their damages by foregoing such care. Such evidence would be admissible if offered to rebut Defendant's assertion that Plaintiffs failed to mitigate their damages. See McGee v. Jones, 232 Ga. App. 1, 3, 499 S.E.2d 398, 400-01 (1998). Therefore, Defendant's request is **DENIED**. If necessary due to the context in which Plaintiffs offer this evidence, Defendant may renew her objection at trial.

In her third request, Defendant seeks to prevent Plaintiffs from offering any "reference to or any recitation of any conversation between the plaintiffs and

3

any treating physicians or medical care providers regarding anything told to the plaintiffs by said treating physicians or medical care providers." (Doc. 37 at 3.) Defendant contends that such testimony would be inadmissible hearsay. (Id.) In response, Plaintiffs argue that statements offered to explain their subsequent conduct are not inadmissible hearsay. (Doc. 44 at 4.)

Generally, hearsay testimony is inadmissible at trial. Fed. R. Evid. 802. Hearsay testimony is an out of court statement offered in evidence to prove the truth of the matter asserted in the statement. Id. 801(c). However, statements offered to explain why a witness took some action are not inadmissible hearsay because they are offered for a reason other than to prove the truth of the matter asserted in the statement. See id.

In light of Plaintiffs' indication that this type of testimony will be limited to only non-hearsay statements, the Court is unable to grant Defendant's request at this time. Defendant is correct that much of what she seeks to exclude would qualify as hearsay. Absent the specific context in which Plaintiffs offer this evidence at trial,

4

Defendant's request is **DENIED** at this time. If necessary, Defendant may renew her objection at trial.

In her fourth request, Defendant seeks to exclude "any reference to or evidence, testimony or argument concerning objections of counsel during depositions." (Doc. 37 at 4.) Defendant contends that the comments or objections by counsel "are not evidence and can only be used to inflame or mislead the jury." (Id.) In response, Plaintiffs agree that this type of evidence is inadmissible, but note that Defendant failed to identify any specific statements that should be excluded. (Doc. 44 at 4.)

As an initial matter, the Court notes that it rarely permits lay witnesses to testify by deposition absent some compelling reason for their unavailability. On occasion, the Court has allowed medical professionals to testify remotely or by deposition. However, the party seeking to use deposition testimony as part of its case-in-chief must first obtain the Court's permission.

In her motion, Defendant failed to identify any objectionable portions of any deposition. As a result, the Court is unable at this time to determine the admissibility

5

of any comments in or portions of depositions. Accordingly, Defendant's request is **DENIED**. If necessary, Defendant may renew her objection prior to or at trial.

In her seventh request, Defendant seeks to exclude any lay witness from testifying about who they believed was responsible for causing the accident. (Doc. 37 at 7-8.) According to Defendant, this type of testimony requires scientific or specialized knowledge that can only be elicited through a qualified, expert witness. (Id. at 8.) In their response, Plaintiffs state that they are unaware of any lay testimony regarding fault. (Doc. 44 at 5-6.) In addition, Plaintiffs argue that testimony based on personal knowledge may be admissible to establish how A.N. was injured. (Id. at 6-7.)

At this time, the Court is unable to determine the admissibility of any specific statement concerning injury or cause. Expert testimony may be required to establish the cause of the accident and its relation to any injuries. However, witnesses may testify concerning matters about which they have personal knowledge. Fed. R. Evid. 602. Absent the specific context in which Plaintiffs offer this

evidence at trial, Defendant's request must be **DENIED** at this time. If necessary, Defendant may renew her objection at trial.

SO ORDERED this 28th day of September 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA